’The opinion of the Court was delivered by
Cheves, J.
So much of the deed of conveyance in this ease as goes to transfer the plaintiff’s right, is without ambiguity, and clearly does no more thau transfer his right, interest and claim, whatever they might be. But the warranty which seems to be in direct repugnance to the body of the deed, and makes it a very unusual instrument, (the object of which it is not easy to divine,) causes all the embarrassment in the case. On the effect of this warranty, I will give no opinion at this time, nor on the questions connected with it. I am of opinion, this defence could only be made by pleading or giving notice of a discount.[1] Where the defence goes to show a total failure of the consideration, it may be given in evidence under the general issue, so if there has been a rescission of the contract; but when the defence only goes to show a defect in the article conveyed, or a defective title to a part of the article, or to one or more, when the contract embraces several,* it must be made by discount.[2] This is the clear practice of this Court, and it is only necessary to inquire what the nature of this defence is. This inquiry will depend on the nature of the contract. Was it entire or several ? Now it appears to me very obvious, that the contract was an entire contract. *190 The consideration is not $300, for each share, but $900 for the whole, and the note, on which this suit is brought, was for $600, part of the gross sum. In this view, as it is admitted, the title to one share is good, the defence only goes to a part of the consideration. But if it could be imagined that the contract was two-fold, and so far several, that the purchase of the share paid for was one, and the purchase of the two shares, for which the note was given, anothei', still the objection will equally prevail. If the two shares for which the note was given, were the shares purchased of Eddins, and Beams and wife, the consideration did not wholly fail; for as to one share, the title was good. If they embraced the share claimed by the plaintiff, in right of his deceased wife, the title is not wholly defective; for he had a clear right to one third of his wife’s real estate, under the act for the distribution of intestates’ estates.
But I am clearly of opinion, the contract was an entire one. I am therefore of opinion, that a new trial should be granted.
Nott, Gantt and Johnson, JJ., concurred.

 2 Rich.. Eq. 349.

 1 Ante, 81; 2 Rich. Eq. 349, modified, Harp. Appendix, 548.

 See Vanlow v. Parr, in Errors, 2 Rich. Eq., 349; also 1 Hill, 370; 8 Rich. Eq. 49; 1 McM. 336.